```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

```
_____
                                     )
COMMISSIONADO DE SEGUROS DE PUERTO   )
RICO COMO LIQUADOR DE REAL LEGACY    )
ASSURANCE COMPANY INC.,              )
     Plaintiff,                      )
                                     )
           v.                        )    CIVIL ACTION
                                     )    NO. 3:19-CV-01898-WGY
CROWLEY LINER SERVICES PUERTO        )
RICO, INC.,                          )
CROWLEY PUERTO RICO SERVICES,        )
INC., CORPORATION A, CORPORATION     )
B, INSURANCE COMPANY X,              )
     Defendants.                     )
_____)
```

YOUNG, D.J.[1]                                        JANUARY 13, 2021

**ORDER**

**I.   INTRODUCTION**

Before the Court is a motion for reconsideration filed on December 16, 2020 by Crowley Puerto Rico Services, Inc. ("Crowley").  See Mot. Recons., ECF No. 15.  The motion was filed following a hearing held on December 10, 2020 on a motion to remand filed by the Insurance Commissioner of Puerto Rico, in his capacity as Liquidator of Real Legacy Assurance Company, Inc. (the "Commissioner") in relation to a subrogated claim brought on behalf of an insured against, among others, Crowley and Crowley Liner Services Puerto Rico, Inc. for alleged damage

---

[1] Of the District of Massachusetts, sitting by designation.

to the insured's merchandise, see Mot. Remand, ECF No. 5. The case had been removed by notice filed by Crowley on September 19, 2019 ("Notice Removal", ECF No. 1) from the Court of First Instance for the Commonwealth of Puerto Rico, San Juan Superior Court, where the Commissioner had originally filed a complaint ("Complaint"), see Notice Removal, Ex. 1, ECF No. 1-1.

At the December 10, 2020 hearing, the Court granted the Commissioner's motion to remand, because of a lack of subject matter jurisdiction. See Clerk's Electr. Minute Order, ECF No. 14.

The Commissioner opposed Crowley's Mot. Recons. on December 29, 2020, ECF No. 16. Crowley sought permission to file a brief reply by way of motion dated January 4, 2021 ("Reply"), ECF No. 18, which is hereby GRANTED. For the reasons stated below, Crowley's motion for reconsideration is DENIED.

## II. DISCUSSION

Upon careful consideration, the Court finds that each of Crowley's arguments fail for the reasons set out below.

### A. Commerce Jurisdiction, 28 U.S.C. § 1337(a)

The "savings-clause" in 28 U.S.C. § 1333(1) has been interpreted to allow plaintiffs in a maritime case to choose between filing their case in state or federal courts for most in-personam litigation. See In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007), citing Leon v. Galceran, 78 U.S.

185, 191 (1870).  See also Concordia Co. v. Panek, 115 F.3d 67, 70 (1st Cir. 1997).

Once a plaintiff has made a choice to file suit in state court, a defendant in a state court action may not remove a case to federal court on the basis of admiralty jurisdiction alone. See Romero v. International Terminal Operating Co., 358 U.S. 354, 371 (1959).  Consequently, a defendant must be able to establish other bases for subject matter jurisdiction of the federal courts in order successfully to remove a case under 28 U.S.C. § 1441(a).  See In re Lockheed Martin Corp., 503 F.3d at 354-55, citing In re: Chimenti, 79 F.3d 534, 537 (6th Cir. 1996) (citation and internal quotation marks omitted), quoting 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3672, at 431-33 (1985); see also Queen Victoria Corp. v. Insurance Specialists of Hawaii, Inc., 694 F. Supp. 1480, 1483 (D. Haw. 1988).

Crowley argues that the Court has original jurisdiction under 28 U.S.C. § 1337(a), because the Carriage of Goods by the Sea Act, 46 U.S.C. §§ 1300-1315 ("COGSA"), a federal statute that regulates commerce, applies in this case.  See Mot. Recons. 3-7.

This approach has been rejected as circumventing Romero and the "saving clause" in 28 U.S.C. § 1333(1).  See Superior Fish Co. v. Royal Globe Ins. Co., 521 F. Supp. 437, 441 & n.6 (E.D.

[3]

Pa. 1981); Pacific Agencies, Inc. v. Colon & Villalon, Inc., 372 F. Supp. 62, 64 (D.P.R. 1973). See also Mangual-Saez v. Brilliant Globe Logistics, 2005 U.S. Dist. LEXIS 60825, at *22-*23 (D.P.R. 2005); Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 112 (D.P.R. 2009).

In this context, Crowley argues that the Court misapplied controlling case law, citing Commonwealth of Puerto Rico v. Sea-Land Services, Inc., 349 F. Supp. 964 (D.P.R. 1970); Modern Office System, Inc. v. AIM Caribbean Express, Inc., 802 F. Supp. 617 (D.P.R. 1992); and Fireman's Ins. Co. v. Gulf Puerto Rico Lines, Inc., 349 F. Supp. 952, 956 (D.P.R. 1972).

These cases are distinguishable from the case at bar.

A district court's federal question jurisdiction must arise on the basis of a well-pleaded complaint. See, e.g., Boudreau v. Lussier, 2020 U.S. App. LEXIS 34810, at *3-*4 (1st Cir. May 27, 2020); Villegas, 641 F. Supp. 2d at 112.

The cases cited by Crowley concern complaints that contain sufficient allegations in order to bring the matters at issue therein within the purview of a federal statute regulating commerce. See Sea-Land Services, 349 F. Supp. at 968; Modern Office System, 802 F. Supp. at 620.[2]

---

[2] Fireman's Ins. Co. v. Gulf Puerto Rico Lines, Inc., 349 F. Supp. 952, 956 (D.P.R. 1972) is inapposite in this context, because the decision involves a summary judgment motion.

[4]

This is not the case here; the factual allegations in the Complaint do not implicate the application of COGSA or the Harter Act[3] (or the Bills of Lading, see Notice Removal, Ex. 3 & 4, ECF Nos. 1-3 & 1-4).

**B.   Incorrect Application of Facts**

Crowley further contends that complete diversity exists in this case, because there is no evidence on the record that Crowley Liner Services Puerto Rico, Inc., a Puerto Rico domestic entity, can be a proper party to the lawsuit.  See Mot. Recons. 7-8; Reply 5.

Crowley's assertion is meritless.  There is no indication that Crowley Liner Services Puerto Rico, Inc. was improperly joined when it is undetermined at what point in time and under which circumstances the alleged damage to the merchandise occurred.  This is supported by the record.  Under item "(14) LOADING PIER/TERMINAL Muelle" on both Bills of Lading the name "Crowley Liner Servic" is listed.  See Bills of Lading.

**C.   Forum Selection Clause**

Lastly, Crowley argues that the Bills of Lading contain a forum selection clause that requires any suits against Crowley to be brought "in the Federal Courts of the United States".  See Mot. Recons. 9-10; Reply 6.

---

[3] 46 U.S.C. §§ 30701 et. seq.

Notwithstanding the above, forum selection clauses that stipulate that a suit must be brought in federal, rather than state courts are generally not upheld ("In general, parties may not confer federal question jurisdiction by contract or agreement." M3 Midstream LLC v. S. Jersey Port Corp., 1 F. Supp. 3d 289, 298-99 (D.N.J. 2014) and cases cited there).

### III. CONCLUSION

For these reasons, the Court DENIES Crowley's motion for reconsideration, ECF No. 15.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE